ISAAC KILMER, Appellant, *v.* PETER MESSLING, Respondent, Impleaded with JOSEPH ACKER.

*Appeals from Justices' Courts — a trivial error in the amount of the judgment, disregarded.*

Parties should not be encouraged to appeal from judgments of Justices' Courts where the error is trivial in amount, and such judgments should not be disturbed where substantial justice has been done between the parties.

APPEAL by the plaintiff, Isaac Kilmer, from a judgment of the County Court of Rensselaer county, entered in the office of the clerk of that county on the 12th day of December, 1892, in favor of the defendant, Peter Messling, reversing, upon appeal, a judgment of a Justice's Court in favor of the plaintiff and against the said defendant.

The action was brought in a Justice's Court to recover the sum of forty dollars for work, labor and services alleged by the plaintiff to have been performed by him for the defendants at their request, at an agreed price and otherwise, for goods, wares and merchandise sold and delivered, and for balance due on book account and for balance due on settlement, and interest thereon. The justice rendered judgment in favor of the plaintiff, against the defendant Messling, for thirty-one dollars and nineteen cents damages, and nine dollars and fifteen cents costs. It appeared that the amount of damages was arrived at by allowing two dollars and seventy-five cents for interest upon the sum of twenty-eight dollars and twenty-five cents, to which latter sum evidence on behalf of the plaintiff tended to show that his labor account amounted.

*Nelson Webster*, for the appellant.

*Frederick A. Chew*, for the respondent.

HERRICK, J.:

From an examination of the testimony in this case, I am satisfied that there is sufficient evidence to justify the justice in holding the defendant Messling liable to the plaintiff.

The plaintiff was entitled to interest upon his claim; it may be, however, that the justice has made an error in the computation of

the amount. The error, however, is so small that I do not think that substantial justice would be done by reversing the judgment of the justice for that reason. The Code (§ 3063) says, " The appellate court must render judgment according to the justice of the case, without regard to technical errors or defects, which do not affect the merits."

I do not think that parties should be encouraged to appeal where the error in amount is trivial, and incur the expense of the appeal themselves, or subject their adversaries to such expense.

When substantial justice has been done between the parties, the judgment should not be disturbed.

The judgment of the County Court should be reversed and that of the justice affirmed, with costs.

MAYHAM, P. J., concurred ; PUTNAM, J., not acting.

Judgment of County Court reversed and that of the justice affirmed, with costs.